NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANPREET SINGH BRAR,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   17-70036<br><br>Agency No. A205-587-140<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

     Manpreet Singh Brar, a native citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Brar's contention that he is entitled to CAT relief because, as the BIA correctly determined, in his brief to the BIA he failed to present any arguments as to the IJ's denial of CAT relief. *See Barron*, 358 F.3d at 677-78.

With respect to Brar's asylum and withholding of removal claims, substantial evidence supports the BIA's determination that the threats of harm Brar suffered in India did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (threats did not compel finding of past persecution).

The BIA also found, in the absence of past persecution, the burden of establishing the reasonableness of relocation did not shift to the Department of Homeland Security ("DHS") under 8 C.F.R. § 1208.13(b)(3)(i). However, the answering brief to this court states that the BIA appeared to place the burden of showing reasonableness of relocation on Brar by looking to the regulation regarding past persecution, when the "governing regulation" in this case is 8

2

C.F.R. § 1208.13(b)(ii) (providing a presumption that relocation would not be reasonable and placing the burden on DHS to show reasonableness of relocation when persecutor is the government or is government-sponsored). In light of the government's concession, we remand Brar's asylum and withholding of removal claims for the agency to straighten this out. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**